Esther Elsey, Plaintiff in Error, v. Clayton Smith, Executor of the Estate of E. O. Smith, Deceased, Defendant in Error. —170 S. W. (2d) 959.

Springfield Court of Appeals, April 28, 1943.

R. A. Mooneyham for plaintiff in error.

McReynolds & Flanigan and Elza Johnson for defendant in error.

BLAIR, P. J.—This is a peculiar case in this: That it cannot make much difference to defendant in error how this, or any other, court construes clause V. of the will of deceased, E. O. Smith. The case originated in the Probate Court of Jasper County and went to the circuit court of that county on appeal and judgment was rendered in the circuit court against plaintiff in error on March 30, 1942, and, after unsuccessful motion for new trial, she was granted an appeal to this court. She later dismissed her appeal here and, on November 12, 1942, sued out this writ of error to the Circuit Court of Jasper County, involving the same questions as were involved in her appealed case, and using practically the same brief. Defendant in error thereafter filed his motion, agreed to by the plaintiff in error, that defendant in error be permitted to file and use his brief and argument in this court in the appealed case, as and for his brief and argument in the present case. There seems to be no question as to the appellate jurisdiction of this court. Defendant in error, in his brief in the appealed case, made a statement of the case which seems to us to be absolutely fair and we will follow that statement, largely without quotation marks, in stating the case.

E. O. Smith, long a prominent business man in Jasper County, died on March 1, 1941. Said E. O. Smith left a will which was duly probated in Jasper county, under the terms of which defendant in error Clayton Smith, who was a brother of deceased, was named as executor. Among other provisions the will contained the following clause, which is the only portion of the will pertinent to this case:

"V.

"Most of my estate has been accumulated through the operations of Smith Bros. Manufacturing Company which was organized by my brother Clayton and myself. Much of the success which has attended our efforts has been attributable to the loyalty and devotion of those who have been identified with the operation of the business. Being

desirous of affording recognition to my loyal associates in the business, I make the following specific bequests:

"..    .    .    .    .    .    .

"In addition to the above, I set aside three hundred (300) shares of the common stock of said company and direct that my executor distribute said stock *pro rata,* and share and share alike, among those employees of Smith Bros. Manufacturing Company who have been continuously in its employ fifteen (15) years at the date of my death.

"..    .    .    .    .    .    ."

Smith Brothers Manufacturing Company is a large organization employing something over one thousand people. It immediately became apparent that it would be necessary, in order to make a distribution under the terms of the will, to determine in the probate court what individual employees were entitled to share in the bequests of the will, and particularly whether plaintiff in error should be considered as one of "those employees of Smith Bros. Manufacturing Company who have been continuously in its employ fifteen (15) years at the date of my (testator's) death."

Accordingly, on May 12, 1941, the probate court entered an order in the case and plaintiff in error then disclaimed any right on her part to participate in the distribution of the said 300 shares of common stock of said company. She was thereafter permitted to withdraw her disclaimer.

Afterwards, the Probate Court of Jasper County heard testimony concerning plaintiff in error's tenure of employment with the company and on October 3, 1941, entered an order specifically finding that appellant was not entitled to share in the bequest.

In due time, plaintiff in error appealed to the circuit court from the order of the probate court and the matter was tried before Honorable WILBER J. OWEN, Judge of Division Two of the Circuit Court of Jasper County. He rendered judgment on the 30th day of March, 1942. Defendant in error before judgment had filed his written request for findings of fact and conclusions of law, as contemplated by Section 1103, Revised Statutes Missouri 1939.

The trial court, in response to said request of defendant (now defendant in error), made the following findings of fact:

"The defendant having requested in writing that the Court file in the above cause a finding of facts and state separately its conclusions of law, the facts in this case, as the Court finds them to be, were as follows:

"That E. O. Smith was one of the original founders, owners and incorporators of the Smith Brothers Manufacturing Company, whose chief office and place of business was and is in Carthage, Jasper County, Missouri, and that said E. O. Smith, by his last will and testament, and particularly Clause 5 of his last will and testament, did

760

set aside three hundred shares of the common stock of said Smith Brothers Manufacturing Company and direct that his executor distribute said stock *pro rata* and share and share alike among all those employees of Smith Brothers Manufacturing Company who were in the employ of said company at and on the date of the death of the said E. O. Smith and who had been continuously in the employ of said Smith Brothers Manufacturing Company for fiifteen years at the date of the death of said E. O. Smith; and the court further finds that said E. O. Smith departed this life in Jasper County, Missouri, on March 1, 1941; and the court further finds that on said March 1, 1941, the claimant herein, Esther Elsey, was duly and regularly employed and working for and at said Smith Brothers Manufacturing Company at Carthage, Missouri; and the court further finds that said Esther Elsey began her employment at the plant of said Smith Brothers Manufacturing Company at Carthage, Missouri, in the early days of October, 1925, and has never been employed by or worked for any company other than Smith Brothers Manufacturing Company; and the court further finds that said claimant worked each and every day for said company from the date of her employment until February, 1928, at which date and time she was pregnant with child and did in June of 1928, give birth to a child, referred to in the record of this case by name of Jane; and the court further finds that said claimant did not return to work at Smith Brothers Manufacturing Company until the early part of June of 1929; and the court further finds that from the early part of June, 1929, said claimant worked daily at a plant of the Smith Brothers Manufacturing Company at Carthage, Missouri, until her husband became ill, which is shown by the record in this case to be in the early part of October, 1936, and that by reason of the illness of her said husband said claimant did not return to her work at the Smith Brothers Manufacturing Company until about February of 1937, and that upon her return she worked each and every day and was so working at and on the date of the death of said E. O. Smith.''

This was followed by conclusions of law, held by the trial court to have been justified by such findings of fact, as follows:

''The law imposes upon the claimant in this case the burden of proving by the preponderance or greater weight of evidence the facts necessary to a recovery on the part of said claimant.

''Th function of the court is to construe the will, and not to make one under the guise of construction. In construing a will the intention of the testator is to be gathered from the will, and the will must be so construed as to give effect to testator's intention. A word, term or phrase should be construed as understood in common language considering the subject matter to which they are employed.

''The term 'continuous' means extended or prolonged and to work continuously does not necessarily mean incessantly or uninterruptedly, but to be employed in sense of maintaining a condition, course

or services considering circumstances, nature or character of the then prevailing conditions as such delays must be presumed to have been in contemplation of testator; and when evidence shows temporary absence on account of illness of claimant or her husband, or other proper causes, the relation of confidence and friendship which would be implied from long employment must be considered as still existing, and even a temporary layoff will not of itself be so construed as to terminate the employment, but applying the law to the facts in this case, where the claimant ceased to work for the company in the early part of February on account of the contemplated birth of a child in June, and upon such occurrence failed to return to her work until said child was about one year of age, without further showing the necessity of such delay, the law applicable to such facts does not justify, excuse or palliate such cessation of work without evidence showing a reason or excuse tending to justify such prolonged delay; therefore, the court, under the facts of this case and law applicable to such facts, finds the issues in favor of the executor and against the claimant denying to said claimant participation in the shares of stock mentioned in the will of E. O. Smith.''

The trial court thereupon rendered the following judgment:

''Now on this day, the 30th day of March, 1942, this cause comes on for trial the plaintiff (appellant) appears by R. A. Mooneyham, her attorney, and the defendant (respondent) appears by McReynolds & Flanigan and Elza Johnson, his attorneys, and both parties announce ready for trial and all and singular the matters herein are submitted to the court for trial.

''And after hearing all of the evidence in this cause, hearing the arguments of counsel and being fully advised in the premises, the court finds the issues in favor of the defendant (respondent) that the plaintiff (appellant) is not entitled to participate in the bequest contained in clause five (5) of the last will and testament of E. C. Smith, deceased.

''It is therefore ordered and adjudged by the court that the plaintiff (appellant) is not entitled to participate in the bequest contained in clause five (5) of the last will and testament of E. O. Smith, deceased, that the defendant (respondent) be discharged and go hence hereof without day and recover of and from the plaintiff (appellant) herein and the United States Fidelity and Guaranty Company, surety on the appeal bond herein the costs herein and that execution issued therefor. It is further ordered by the Court that the clerk certify this judgment and a statement of the costs herein to the Honorable Probate Court of Jasper County for further action.''

Plaintiff in error, in her brief in the appealed case, makes the following statement of facts:

''This is an action at law brought by the appellant originally in the Probate Court of Jasper County by presenting her claim to participate in the distribution of certain shares of stock in the Smith

Brothers Manufacturing Company owned by E. O. Smith at the date of his death and disposed of by him in his will.

"The case was appealed from the probate court and tried *de novo* in the circuit court and from an adverse judgment appellant prosecutes this appeal.

"The controversy here involved rages around the fifth clause of the will of E. O. Smith, deceased, which said clause is as follows: (Clause heretofore set out.)    . . .

"The claimant appellant, as shown by the evidence and found by the trial court in its written opinion, 'finding of facts and conclusions of law,' commenced work for Smith Brothers Manufacturing Company in October, 1925, and was continuously so employed until the date of the death of E. O. Smith which occurred on March 1, 1941, with the exception of two periods of time. The first period commenced a few weeks before her baby was born, to be exact, beginning in February, 1928, and continuing until June, 1929, during which period claimant performed no services for the company nor for anyone else.

"The other period when she did no work for the company was when her husband was very ill beginning in the early part of October, 1936, and continuing until about February, 1937.

"The trial court found that with these two exceptions she worked each and every day for Smith Brothers Manufacturing Company from October, 1925, until March 1, 1941, and that she was not employed by any person or firm anywhere else during these periods.

"Appellant claims that the 'layoffs' of both of these periods of time were because of the requirements of nature.

"Appellant contends that notwithstanding she did no work for the company during these two periods yet under the law applicable to the facts as found by the trial court she *was continuously in the employ* of Smith Brothers for more than 15 years at the date of the death of E. O. Smith and that by reason thereof she is entitled to participate in the distribution of the shares of stock in the company along with the other employees who were eligible and that it was the intention of the testator that she and all other employees similarly situated should participate in the distribution of said shares of stock."

As we understand the case, the only questions to be determined by us are, what did E. O. Smith mean when he provided in his will that those employees of Smith Brothers Manufacturing Company who had been "continuously in its employ fifteen (15) years at the date of my death," and what was the attitude of plaintiff in error toward such alleged continuous employment? If plaintiff in error, when she laid off, never intended to return to such employment, it makes little, if any, difference what E. O. Smith meant by Clause V. of his will.

Admittedly, plaintiff in error had not worked for Smith Brothers Manufacturing Company each and every day for fifteen years before the death of E. O. Smith, although she was in the employment of that company at the time of the death of E. O. Smith, and began such

employment more than fifteen years before such death. She had never worked for any other company or person. Such service was only interrupted by the birth of a child and the illness of her husband. Plaintiff in error did not do any work for said company or any other company during those times.

Plaintiff in error fully recognized the situation when she said:

"This being a law case in which the evidence is conflicting the finding of facts by the trial court are binding on the parties to this suit and the judgment will not be disturbed by the appellate court unless such finding of facts are against the law applicable to the facts as found by the trial court.

"With the above admission by appellant we deem it unnecessary to print the evidence in this abstract."

The sole question for us to determine then is whether or not the trial court was correct in its conclusions on those facts when he found the plaintiff was not in the employ of Smith Brothers Manufacturing Company continuously for fifteen years before the death of E. O. Smith on March 1, 1941, and hence was not entitled to participate in the 300 shares of common stock of said company left by said E. O. Smith.

Plaintiff in error has not seen fit to bring up the evidence in the case, and all we know about what the evidence was is contained in the findings of fact by the trial court, and, if his conclusions of law based on such findings of fact are justified by the facts as he found them, we can only affirm the judgment of the trial court thereon. We must therefore assume that there was substantial evidence supporting each and every finding of fact made by the trial court.

It does not appear that there was no substantial evidence to support the findings of fact of the trial court that plaintiff in error was not continuously in the employ of said company for fifteen years before the death of E. O. Smith. The trial court merely found as a fact that plaintiff in error was not thus continuously in the employ of the company for fifteen years before the death of E. O. Smith. What the evidence was which the trial court deemed to be sufficient to support such finding of fact, we are not advised and it would be foolishness, in the absence of all evidence, for us to say on this record that such findings of fact were not supported by substantial evidence. Who can cay that the trial court did not have evidence before him that plaintiff at the time she left the employ of Smith Brothers Manufacturing Company never intended to return to the employ of said company? For all the record shows plaintiff in error may have made some statement of this sort at some time or other during her absence from such employment, and the trial court may have considered such evidence, and, on her theory that such employment did not necessarily mean daily attendance in such employment, the trial court had ample substantial evidence before him to justify his findings of fact.

The trial court said in his findings of fact that in February, 1928, plaintiff was pregnant and, in June, 1928, plaintiff gave birth to a child and plaintiff did not return to work for Smith Brothers Manufacturing Company thereafter until June, 1929, and that plaintiff was off from such work from October, 1936, until February, 1937, in attendance on her sick husband. If those periods, when plaintiff was not actually at work for Smith Brothers Manufacturing Company, be subtracted from the period between the date when the plaintiff first began work for said Smith Brothers Manufacturing Company and the date of death of E. O. Smith, plaintiff had not worked for said Smith Brothers Manufacturing Company "continuously" for fifteen years. If the trial court so found, his judgment can also be justified.

We can do nothing else than affirm the judgment of the trial court upon the record as brought before us.

It is so ordered. *Smith* and *Fulbright, JJ.*, concur.